# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-117V
Filed: February 28, 2018
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| H.S., a Minor, by his PARENT AND NATURAL GUARDIAN, AMANDA SEIDERS, | * * * * |
| Petitioner, | * * |
| v. | * * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * |
| Respondent. | * * |

Attorneys' fees and costs decision; respondent defers to Special Master's discretion

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>John R. Howie, Jr.</u>, Dallas, TX, for petitioner.
<u>Claudia B. Gangi</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On September 1, 2015, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) alleging that her son, H.S., suffered acute cerebellar ataxia due to his December 12, 2013 receipt of Haemophilus influenzae type B ("Hib") vaccine. Pet. Preamble. On January 26, 2018, the undersigned issued a decision awarding damages to petitioner based on the parties' stipulation filed on the same day.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On February 1, 2018, petitioner filed an application for attorneys' fees and costs. In her application, petitioner requests a total of $124,468.19, comprised of $99,709.41 for attorneys' fees and $24.758.78 for attorneys' costs.

On February 8, 2018, respondent filed a response to petitioner's application explaining he is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B). Resp. at 2. Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3.

## DISCUSSION

### I. Legal Standard for Attorneys' Fees and Costs

#### A. In General

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

### II. Reasonableness of Requested Attorneys' Fees and Costs

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Avera, 515 F.3d 1343, 1348. This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." Rodriguez v. Sec'y of HHS, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing Avera, 515 F. 3d at 1349). For cases in which forum rates apply, McCulloch provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. See McCulloch v.Sec'y of HHS, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Once the applicable hourly rate is determined, it is applied to the "number of hours reasonably expended on the litigation." Avera, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of HHS, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). Counsel must submit fee requests that include contemporaneous and specific billing entries indicating the task performed, the number of hours expended on the task, and who performed the task. See Savin v. Sec'y of HHS, 85 Fed. Cl. 313, 316–18 (Fed. Cl. 2008). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. Furthermore, the special master may reduce fees *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond. See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of

petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of HHS, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

1. **Reasonable Hourly Rates**

Petitioner requests the following hourly rates:

|  | 2014 | 2015 | 2016 | 2017 | 2018 |
|---|---|---|---|---|---|
| John Howie, Jr. | $300 | $350 | $350 | $363 | $376.43 |
| Zara Najam | $200 | $225 | $225 | $233 | N/A |
| Debbie Lupo | $100 | $135 | $135 | $140 | $145.18 |
| Elisa Bautista | $40 | $50 | $50 | $50 | $65 |

The undersigned finds petitioner's requested hourly rates for counsel and paralegals reasonable.

2. **Reduction of Billable Hours**

"Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate."  Riggins v. Sec'y of HHS, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009).  "The rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed."  Doe/11 v. Sec'y of HHS, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr, Jan. 29, 2010).

In this case, Mr. Howie billed a combined 1.3 hours for tasks such as "search to locate address for providers" and "research life care planners."  Doc 62-2, at 1, 5 (entries dated 4/14/2014 and 4/26/2015).  Ms. Najam billed 0.5 hours for "labeling exhibits," "reorganizing exhibits," and "finalizing exhibits."  Id. at 27-28 (entries dated 1/29/2015 and 2/5/2015).  The undersigned will pay counsel for work which could be performed by a paralegal but will do so at a reasonable rate for a paralegal, $100.00 per hour in 2014 and $135.00 per hour in 2015.  This adjustment results in a **deduction of $320.**

Thus, the total amount of attorneys' fees for Howie Law, PC is reduced by $320 and $99,389.41 is awarded.  The undersigned finds the attorneys' costs reasonable.  Therefore, the total amount paid for attorneys' fees and costs incurred by Howie Law, PC is $124,148.19.

## CONCLUSION

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds the majority of petitioner's attorneys' fees and costs request reasonable. **Accordingly, the court awards $124,148.19**, representing attorneys' fees and costs.  The award shall be in the form of a check made payable jointly to petitioner and Howie Law, PC in the amount of **$124,148.19**.

3

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: February 28, 2018                                                   /s/ Laura D. Millman
                                                                                              Laura D. Millman
                                                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.