# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-117V
Filed: April 15, 2019
Not to be Published

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| H.K., a Minor, by his PARENT AND NATURAL GUARDIAN, AMANDA KUFTIC (f/k/a AMANDA SEIDERS), <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Attorneys' fees and costs decisions; reasonable attorneys' fees and costs |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

John R. Howie, Jr., Dallas, TX, for petitioner.
Claudia B. Gangi, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On February 6, 2015, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that her son, H.K., suffered acute cerebellar ataxia that was caused by his December 12, 2013 receipt of Haemophilus influenzae type B ("Hib") vaccine.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On January 25, 2018, the parties filed a stipulation in which they agreed to settle this case. On January 26, 2018, the undersigned issued a decision awarding compensation in the amount and on the terms set forth in the stipulation. On January 29, 2018, the parties filed a joint notice not to seek review. Initially judgment entered on January 30, 2018, but following an Order granting petitioner's motion to amend caption, on September 10, 2018, amended judgment entered.

On February 1, 2018, petitioner filed a motion for attorneys' fees and costs. On February 28, 2019, the undersigned issued a decision awarding attorneys' fees and costs. On March 1, 2019, the parties filed a joint notice not to seek review. On March 5, 2018, judgment entered.

On March 11, 2019, petitioner filed a supplemental application for attorneys' fees and costs, requesting $26,111.50 in attorneys' fees and $991.94 in attorneys' costs, for a total request of $27,103.44. Petitioner did not incur personal costs related to the litigation of this matter.

On March 25, 2019, respondent filed a response to petitioner's motion. Doc 76. Respondent stated, that to the extent petitioner's motion requires a response from respondent since neither the Vaccine Act nor Vaccine Rule 13 explicitly requires respondent file a response, "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 1-2. Respondent respectfully requested that the undersigned exercise her discretion to determine a reasonable award for supplemental attorneys' fees and costs. Id. at 2-3.

Also on March 25, 2019, petitioner filed a reply to respondent's response to petitioner's supplemental motion for attorneys' fees and costs stating that since respondent made no specific objection, petitioner will not file a substantive reply.

On April 12, 2019, the undersigned issued an Order asking petitioner to provide clarification regarding her supplemental motion for attorneys' fees and costs. On the same day, petitioner filed a status report and additional material in compliance with the Order of April 12, 2019. Petitioner requested an additional $1,340.00 in attorneys' fees. Following the requested additional fees, petitioner now requests $27,451.50 in attorneys' fees and $991.94 in attorneys' costs for a total request of $28,443.44.

This matter is now ripe for adjudication.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Avera, 515 F.3d

2

1343, 1348 (Fed. Cir. 2008).  This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney."  Rodriguez v. Sec'y of HHS, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing Avera, 515 F. 3d at 1349).  For cases in which forum rates apply, McCulloch provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience.  See McCulloch v. Sec'y of HHS, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following attorneys' rates:

|  | **2018** | **2019** |
| --- | --- | --- |
| John Howie (attorney) | $383 | $383 |
| Emily Smith (attorney) | $265 | $295 |
| Matthew Bourque (attorney) | N/A | $335 |
| Timothy Van Meir (attorney) | $415 | N/A |
| Price Johnson (attorney) | $525 | $550 |
| Legal Assistant | $90 | $100 |
| Paralegal | $150 | N/A |

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds petitioner's attorneys' fees rates to be acceptable and in conformance with what other special masters have awarded to attorneys with similar years of experience, except for the attorney rates for Mr. Price Johnson.  Petitioner's request for an hourly rate of $525 for 2018 and $550 for 2019 for Mr. Price's work will be reduced to an hourly rate of $439 for 2018 and $448 for 2019.  The undersigned awards Mr. Johnson's hourly rate based on what the Office of Special Masters has previously awarded attorneys with 20-30 years of experience.  This rate reduction results in a **deduction of $926.60** of the total attorneys' fees award.

After reviewing the billing records, the undersigned finds the hours billed by Mr. Howie and The Johnson Firm to be reasonable and no reduction is required.  The undersigned also finds the attorneys' costs requested reasonable.  Petitioner did not incur any personal costs.

Accordingly, the undersigned **GRANTS** petitioner's supplemental application for attorneys' fees and costs.  The undersigned awards **$27,516.84**, representing $26,524.90 in attorneys' fees and $991.94 in attorneys' costs, in the form of a check made payable jointly to petitioner and Howie Law, PC.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

Dated: April 15, 2019                              /s/ Laura D. Millman
                                                   Laura D. Millman
                                                   Special Master